# Caldcleugh *against* Hollingsworth.

The owner of a chattel in the possession of a tenant which has been distrained for rent and sold, cannot maintain trover for it against the landlord, where notice of the distress was given to the tenant.

ERROR to the District Court for the city and county of *Philadelphia.*

This was an action of trover brought by Mark Hollingsworth, who survived Edmund Tiliston, late copartners under the firm of Tiliston and Hollingsworth, against Robert A. Caldcleugh, to recover the value of a paper machine or roller. It appeared that the machine in question was consigned by the plaintiffs, living in Boston, to a firm in Philadelphia, by whom it was sent in 1840 to M'Ewen, a machinist, in whose shop it remained a year and a half or two years without undergoing any repairs, no instructions having been given for that purpose. While there, it was distrained for rent on the 10th June 1842 by the defendant. Notice of the distress was given to the tenant M'Ewen. Five days after this notice the property was appraised, and afterwards advertised for public sale on the 22d June, on which day the sale was adjourned

[Caldcleugh v. Hollingsworth.]

to the 28th. Notice of the first day of sale and adjournment was advertised in the Daily Chronicle, and notices were posted on the premises. No one attended at the sale to point out the machine, nor was any notice given in respect to it. No claim was made for it till upwards of a year after the sale.

The court below charged the jury that trover lay. Goods left to be repaired were privileged from distress, and their owner could maintain this action against the landlord to recover their value.

To this charge the defendant excepted.

*Hazlehurst* for the plaintiff in error.
*Oakford*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—*Walter* v. *Rumball* is in point that the notice may be given to the tenant or the owner, at the landlord's discretion; and that when it has been given to the latter, he cannot maintain trover. The principal object of notice is to enable, and indeed compel the proper party to contest the legality of the distress before the property is sold, and thus to prevent the landlord from being involved in unforeseen difficulties. By the letter of the English statute, he is directed to give it to the tenant; yet in the case cited, it was held to be well given to the owners: our statute requires no interpretation whatever, for the letter allows it to be given either to the tenant or the owner. In the case at bar, it was given to the tenant, whose business it was to transmit it to the owner, whose agent, for that purpose, he may properly be considered. The facts of the case illustrate the propriety of this decision. The machine in question was left with the tenant to be repaired, but for want of specific instructions, was suffered to lie on the premises till it was distrained, after a lapse of two years and five months. How was the landlord to know it was privileged from distress, or who was the owner of it? Had he known all the circumstances, he would not have been bound to send notice to Boston, where it is conceded the plaintiffs lived. Nor is it clear that the machine, having been suffered to remain on the premises unclaimed for so long a time, by reason of the negligence of the owners or their agents, was in truth privileged. However that may be, it is part of the case that the requisitions of the statute had been complied with, and the owners were bound to proceed by replevin or not at all.

Judgment reversed, and *venire de novo* awarded.