## HARLAN PAGE v. G. W. MIDDLETON.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 10, 1888—Decided February 6, 1888.

The goods of a stranger in the possession of a tenant, not as a necessity in the latter's trade or business, but as a matter of favor and without hire, are not exempt from a distress for the arrears of rent of the premises upon which they are found.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 408 January Term 1887, Sup. Ct.; court below, No. 824 December Term 1884, C. P. No. 2.

The case below was an action of replevin brought on January 22, 1885, by Harlan Page against George W. Middleton and Wm. H. Branson (bailiff) for a corundum wheel and knife grinder distrained by Middleton as landlord for rent in arrear from his tenants, Bonta & Fredericks, and claimed to be the property of the plaintiff. At the trial of the issue formed, on November 8, 1886, before MITCHELL, J., evidence was adduced for the purpose of sustaining the plaintiff's contention that the machine had been consigned by him to one T. S. Quay in the planing and saw-mill business, on certain terms; that Quay had afterwards sold his business to Bonta & Fredericks and stored the machine with one Officer, occupying the third story of the same building, who received it as an accommodation to Quay, without pay. The facts appear fully in the opinion of the court.

At the close of the evidence, the court, without a written opinion, instructed the jury to find for the defendants. A verdict for the defendants having been returned and judgment entered, the plaintiff took this writ assigning that the court erred in the peremptory instructions to the jury.

*Mr. De Forrest Ballou*, for the plaintiff in error:

The rule of the common law, that the goods of a stranger on the demised premises are subject to the distress of the landlord, has yielded and must continue to give way to the growing necessities of trade and business. Goods on storage are exempt, though the business of the tenant was not exclusively that of a warehouseman: Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Brown v. Sims, 17 S. & R. 138; Karns v. McKinney, 74 Pa. 390.

2. The plaintiff should have relief for two reasons: 1. Because the goods were delivered upon consignment only; 2. because, at the time of the distraint, they were on storage on the demised premises. The manner in which the possession of these goods was delivered, has become an established and well recognized branch of mercantile transactions, and a necessity in this manner of trade or business.

*Mr. George L. Crawford* (with him *Mr. George M. Dallas*), for the defendants in error:

The utmost limit of the exceptions to the common law rule as allowed by any of the cases is, that where the tenant in the course of his business is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property though on the demised premises, is not liable to distress for rent due thereon from the tenant: Karns v. McKinney, 74 Pa. 387; Howe Sewing M. Co. v. Sloan, 87 Pa. 438; Price v. McCallister, 3 Gr. 248; Kleber v. Ward, 88 Pa. 93. The tendency is not to extend the exemption: Clarke v. Millwall Dock Co., 26 Amer. L. Reg. 147.

OPINION, MR. JUSTICE CLARK:

The general rule of the common law, as well as the proper construction of our statute of March 21, 1772, is, that whatever goods may be found upon demised premises may be distrained for the rent, whether they belong to the tenant, or under tenant, or to a stranger. This rule, however, is subject to a variety of exceptions, and it is contended that the goods replevied are embraced within these exceptions, and were privileged from distress.

Harlan Page, the plaintiff below, is a merchant in machinery and machinery supplies in the city of Philadelphia. Thomas S. Quay is a wood-planer, and was in business on Girard avenue, in the same city. On July 23, 1884, Page consigned to Quay a certain corundum wheel and knife grinder, which Quay accepted, and signed a receipt in the following form :—

July 23, 1884.

Thos. S. Quay, 701–703 E. Girard Ave.

·Received from HARLAN PAGE

Corundum and Emery Wheels and Machinery, best Turkish and American Emery and supplies generally.

No. 123 North Third St., Philadelphia.

1 Corundum Wheel 12 x ¾ x 1 ⅛       ) Consigned as per
1 30 in. Knife Grinder & Co. Shaft. ) regular terms.

T. S. QUAY.

The bill-head upon which the receipt was written, stated terms as follows :

TERMS : As proof that my wheel is all that I represent it to be, I allow the purchaser to be the judge.

The wheels are placed on trial for 30 days from date of shipment; if, at the expiration of that time, they prove satisfactory, I want the cash; if not satisfactory, I want the wheels.

I warrant the Keystone Emery to be perfectly satisfactory to the purchaser, or it may be returned at my expense. Thirty days' trial given on emery wheel machinery.

Harlan Page, 123 North Third St., Phila.

Page testified, however, that "consigned as per regular terms" meant terms as stated on the first page of his catalogue, as follows: "We will consign machinery and wheels to any responsible parties, for a period of thirty days from date of shipment, during which time, a thorough trial and decision can be made regarding their true worth. At the expiration of said thirty days, a report will be required in every instance: if the goods do not prove as represented they are to be returned to us, but if satisfactory, a sale may then be effected upon terms aforesaid."

Afterwards, without notice to Page and without using the machine, Quay sold out his business to Bonta & Fredericks, and stored the machine with a man by the name of Officer, who occupied the third story of said premises. Bonta & Fredericks became in arrears for rent, and the machine was, inter alia, distrained by Middleton, the landlord, for the rent. Page made a claim to the constable for the machine, which was disallowed, and then issued the writ of replevin in this suit.

It is contended, that under the terms of the consignment, the knife grinder remained the property of the plaintiff, and that the rule of the common law must give way in this instance, for the reason, that the property was delivered to Quay in the necessary way of trade or business, or, at all events, that it was deposited by Quay with Officer on storage merely. We are relieved however from deciding whether the title of the property was in Page or Quay, as, in either event, we think it was liable to distress for the rent.

The true rule in such cases is thus stated in Karns v. McKinney, 74 Pa. 390: "Where the tenant in the course of his business, is necessarily put in possession of the property of those with whom he deals, or those who employ him, such property although on the demised premises, is not liable to distress for rent, due thereon from the tenant. This general rule

of privilege arises out of the necessities of trade, and hence it is, that a traveler's baggage at an inn, goods landed at a wharf or deposited in a warehouse on storage, a horse standing in a smith's shop to be shod, or corn at the mill to be ground etc., etc., have been held to be free from distress for the rent of the premises upon which they are found." On the same grounds it was held in Howe Sewing Machine Co. v. Sloan, 87 Pa. 438, that goods entrusted to an agent to be sold on commission, are not liable to distress for rent due by the agent.

But in no sense can it be said that either Quay or Officer was, in the course of his business, necessarily put in possession of this property; the delivery of the property was not a necessity in the trade or business in which either of them was engaged. Officer was not a warehouseman at all; he was not to any extent engaged in the business of keeping goods on storage; he permitted this knife grinding machine to be placed on his premises purely as matter of favor, and without hope of reward. In such a case, the principle of exemption invoked can have no possible application.

We are of opinion, therefore, that the property replevied was not privileged from distress for rent, and

The judgment is affirmed.