Brown et al. *v.* Stackhouse et al., Appellants.

*Landlord and tenant—Distress on goods left for sale—Trespass.*

A landlord who distrains upon goods, knowing them to be the property of another, left with the tenant for sale on commission, is a trespasser ab initio, and is liable to the owner of the goods in an action of trespass. Esterly Machine Co. v. Spencer, 147 Pa. 466, distinguished.

Argued May 15, 1893. Appeal, No. 38, Jan. T., 1893, by

defendants, D. P. Stackhouse and Christian S. Kline, from judgment of C. P. Lancaster Co., Jan. T., 1889, No. 80, on verdict for plaintiffs, Theodore P. Brown et al., trading as the Worcester Organ Co. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for wrongful distress.

At the trial, before LIVINGSTON, P. J., it appeared that D. P. Stackhouse was the landlord of W. H. Manby and that, on Dec. 20, 1888, Stackhouse placed a warrant of distress in the hands of C. S. Kline, constable, who levied on four organs, belonging to plaintiffs, but in Manby's possession for sale on commission. There was evidence that Stackhouse and Kline knew that the organs were the property of plaintiffs.

Defendant's points were among others as follows :

" 1. Legal notice of the distraint of the organs having been given to Mr. Manby, who testified he was the agent for plaintiff, it was the duty of plaintiffs, under the act of assembly governing such cases, to replevy the organs as directed by said act, and this not having been done, the plaintiff cannot recover in this action of trespass, and the verdict must therefore be for the defendant. *Answer.* Refused. The evidence does not show that Manby was proper party to receive such notice." [1]

" 2. The act of assembly is imperative in pointing out the remedy by replevin in such cases. *Answer.* Affirmed. Where property is legally restrained." [2]

Plaintiff's points were among others as follows:

" 6. It being the uncontradicted evidence in the case that the property sold was the property of The Worcester Organ Company, left with Manby to be sold on commission, and that Manby had no property in the same, the verdict must be for the plaintiffs for the value of the organs with interest from the time of sale." Affirmed. [3]

" 7. Where the property of a third person, left on the premises for sale on commission, in the course of trade, is sold upon a landlord's warrant, the owner thereof not having notice of the distress, is not bound to replevin the goods before the sale, but may proceed in trespass for damages against the landlord and his bailiff." Affirmed. [4]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*Charles I. Landis, H. C. Brubaker* with him, for appellant, cited: Quinn v. Wallace, 6 Whart. 452; Caldcleugh v. Hollingsworth, 8 W. & S. 302; Esterly Machine Co. v. Spencer, 147 Pa. 466.

*W. U. Hensel, J. Hay Brown* with him, for appellee, cited: 1 Addison, Cont., p. 318; Brown v. Sims, 17 S. & R. 138; Cadwalader v. Tindall, 20 Pa. 422; Briggs v. Large, 30 Pa. 287; Karns v. McKinney, 74 Pa. 387; Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Page v. Middleton, 118 Pa. 550; Kerr v. Sharp, 14 S. & R. 399; Brisben v. Wilson, 60 Pa. 452; Davlin v. Stone, 4 Cush. 359; Kiff v. Old Colony, etc., R. R., 117 Mass. 591; Wintringham v. Lafoy, 7 Cowen, 735; Dow v. Smith, 7 Vt. 465; Foss v. Stewart, 14 Me. 312; Deyo v. Jennison, 10 Allen, 410; Frost v. Mott, 34 N. Y. 253; Lynd v. Picket, 7 Minn. 184; Roberts v. Thomas, 6 Term R. 88; Sanderson v. Baker, 2 W. Bl. 832; Samuel v. Duke, 3 M. & W. 622; Lothrop v. Arnold, 25 Me. 136; Angell v. Keith, 24 Vt. 371; Rogers v. Weir, 34 N. Y. 463; Parmalee v. Loomis, 24 Mich. 243; Wells on Replevin, §§ 45, 54, 590; Weidel v. Roseberrey, 13 S. &. R. 180.

OPINION BY MR. JUSTICE GREEN, May 25, 1893:

The question whether Stackhouse, the landlord, knew, before the distress and sale, that the organs distrained were the property of the plaintiffs, was fairly submitted to the jury as essential to the right of recovery, and when the verdict was found for the plaintiff, the fact of such prior knowledge was conclusively established. There was ample testimony to support the allegation, and although the defendants denied having such knowledge a question of veracity only was raised by such denial, and that was a matter exclusively for the jury. The ultimate question which then arises is whether the distress was lawful or not. If not, the defendants were trespassers, and were liable as such. In Kerr v. Sharp, 14 S. & R. 399, we held that, " any irregularity in taking a distress makes the landlord, at common law, *a trespasser ab initio,*" and we decided that an omission to appraise and advertise the sale of the goods dis-

trained agreeably to the act of March 21, 1872, was such an irregularity, and that trespass was the proper remedy. To the same effect is Brisben v. Wilson, 60 Pa. 452, in which we said, " as no legal right or title can grow out of a trespass, the sale is invalid, and trover can be maintained against the purchaser of the goods."

In Caldcleugh v. Hollingsworth, 8 W. & S. 302, cited for the appellant, no notice was given to the landlord, before selling, that the machine distrained was the property of another and left with the tenant for repairs, and that element, which is the controlling one in this case, was absent from that.

That the goods of strangers consigned to an agent to be sold on commission are not liable to distress for rent due by the agent, is such very familiar law that it is conceded by the appellant, and the merest reference to one or two of the cases on that subject will suffice the purpose of the present contention : Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Page v. Middleton, 118 Pa. 546.

In this case the plaintiff caused the warrant of distress to be levied upon the plaintiff's goods, knowing them to be the property of the plaintiff, left with the tenant, Manby, for sale on commission, according to the verdict of the jury, and his distress was therefore unlawful and constituted him a trespasser ab initio. That being the case trespass was an available remedy to the owner as upon any unlawful taking. In the case of Esterly Machine Co. v. Spencer, 147 Pa. 466, the landlord had no knowledge of the title of the owner when the distress was levied, and as soon as he was notified of the owner's title he requested the owner to replevy the goods, and adjourned the sale to give him time to do so, but the owner did not replevy them and waited till after the sale, and then brought trespass. He had distinct actual notice of the distress before the sale, and had the opportunity to pursue the statutory remedy of replevin within the statutory time of five days, but he declined to do so and permitted the sale to proceed. We held he was bound to bring replevin. But here the distress was levied in Lancaster city, Pennsylvania, and the owners lived in Boston, Massachusetts, and had no notice of the distress, and consequently no opportunity to replevy the goods within the five days.

In view of all the facts of the present case we think there was no error in the action of the learned court below.

Judgment affirmed.