# Wanamaker & Brown v. Carter, Appellant.

*Landlord and tenant—Distress—Goods on commission.*

Where a landlord leases a store with knowledge that the tenants are to sell goods of others on commission, he cannot distrain on such goods for his rent.

Argued Jan. 20, 1903.  Appeal, No. 55, Jan. T., 1903, by defendant, from judgment of C. P. Lackawanna Co., May T., 1901, No. 419, on case stated in suit of Wanamaker & Brown v. P. P. Carter.  Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ.  Affirmed.

Case stated to determine whether goods in a tenant's possession for sale on commission may be distrained.

KELLY, J., filed the following opinion:

The general rule is that all goods and chattels found on the demised premises, whether belonging to a tenant or to a stranger, are subject to distress for rent: Kessler v. McConachy, 1 Rawle, 435; Blanche v. Bradford, 38 Pa. 344.

But to this rule there are many exceptions, and a leading case on the subject is that of Simpson v. Hartopp, 1 S. L. C. *450, in which will be found a thorough discussion on the subject, in the opinion of Lord Chief Justice WELLES, and in the notes. And in Pennsylvania we have many adjudicated cases on the subject, among which are Brown v. Sims, 17 S. & R. 138, in which it was held that goods of a third person placed, in the way of trade, on storage in the warehouse of a merchant, who received merchandise from merchants and traders on storage, are not liable to distress for rent for such warehouse, though found on the premises; Riddle v. Welden, 5 Wh. 9, where it was held that the goods of a boarder are not liable to be distrained for rent due by the keeper of the boarding house; Bevan v. Crooks, 7 W. & S. 452, where it was held that goods consigned to a commission merchant to be stored or sold are not subject to a distress for rent; Briggs v. Large, 30 Pa. 287, of similar import; Karns v. McKinney, 74 Pa. 387; Howe Sewing Machine Company v. Sloan, 87 Pa. 438; Page v.

Middleton, 118 Pa. 546 ; Myers v. Esery, 134 Pa. 177 ; Brown v. Stackhouse, 155 Pa. 582 ; Tinware Manufacturing Company v. Duff, 15 Pa. Superior Ct. 383.

An examination of these authorities will disclose that the tendency is to extend the rule of protection in all cases to the goods of a stranger in the possession of a tenant, " by way of trade," viz : When the tenant in the course of his business necessarily has the goods of those with whom he deals, or in the exact language of Mr. Justice MERCUR, in Karns v. McKinney, supra, the rule is : " Where the tenant, in the course of his business, is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress for rent due thereon from the tenant."

It is the policy of the law to relax the general rule in favor of trade, as new customs and commercial conditions arise. Chief Justice GIBSON, in Brown v. Sims, supra, said : " The right to distrain the property of a stranger rests on no principle of reason or justice ; it is a feudal prerogative handed down from time to time when chattels were of little account, and when it may have been impolitic, if not unreasonable, to embarrass the lord with responsibility to one who thrusts his property in the way of the remedy to compel a performance of the services. But commerce, which wrought a change in the habits and pursuits of men, and gave an importance to personal transactions, necessarily produced a relaxation of the rule, so as to admit of a variety of exceptions, some of them of early origin, in favor of trade. These have been so often enumerated that it would be useless to pass them in review here, particularly, as no two of the judges seem to have taken the same view of the principles applicable to them, or of the ground on which they were sustained. But be this as it may, there is little reason to doubt, that the exception will, in the end, eat out the rule." The same eminent jurist in the subsequent case of Riddle v. Weldon, above cited, again refers to this principle and emphasizes it in declaring : " The case submitted by this verdict falls distinctly within the principle of Browns v. Sims, 17 S. & R. 138, that, for the benefit of trade, a thing put up on rented premises by a customer in the way of the tenant's business is privileged from distress. The prin-

ciple is a growing one, and embraces every case which can be brought at all within it." Mr. Justice SHARSWOOD expresses the same principle in Sewing Machine Company v. Sloan, supra, in the following words : " The rule of the common law that the goods of a stranger on demised premises are subject to the distress of the landlord, has yielded, and must continue to give way to the growing necessities of trade and business . . . . It is not a subject upon which it would be wise to draw refined distinctions."

Applying these principles we are of the opinion that the goods of the plaintiffs were exempt from the landlord's distress. The tenants were agents for Wanamaker & Brown, and the signs upon the demised premises so gave notice to the public and to the landlord. Under the terms of the written contracts between Wanamaker & Brown and Hitchcock & Lewis in the first instance, and between Wanamaker & Brown and Hitchcock in the second instance, the goods were delivered to the agents as samples only, and the property in them remained at all times in the plaintiffs. The lease was made out to " Lewis & Hitchcock, Managers," and signed by the defendant who thus had notice that the tenants were about to engage in business as managers for someone else. The rule is that persons dealing with agents must look to their authority : Baring v. Peirce, 5 W. & S. 548. In Biegenwald v. Winpenny, 9 W. N. C. 542, an action of replevin for goods distrained for rent, FINLETTER, J., in overruling the demurrer to the plaintiff's plea that the goods distrained were at the time the distress was made the plaintiff's, " and were by him in due course of business consigned and shipped as samples " to the tenant, held that the samples so consigned were exempt from distress.

Under the decisions first cited it is clear that if the goods in question had been consigned to Hitchcock for sale as a commission merchant or factor, they would be exempt. We can see no reason why they are not equally exempt, having been loaned as samples to the plaintiff's agents, in the way of trade, and in the course of business of the tenant, as sales agent of the plaintiffs. The principle which applies in the one case is of equal force in the other, and we are therefore of the opinion that the goods mentioned in the writ of replevin were not distrainable.

628 WANAMAKER & BROWN v. CARTER, Appellant.

Opinion of Court below—Opinion of the Court. [22 Pa. Superior Ct.

We, therefore, in accordance with the terms of the case stated direct that judgment be entered in favor of the plaintiffs and against the defendant, for the goods mentioned in the writ, with costs of suit.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was the judgment of the court.

*S. B. Price*, for appellant.—Goods of a stranger upon premises occupied by a tenant, as a general rule are subject to distress: Price v. McCallister, 3 Grant, 248; Joule v. Jackson, 7 M. & W. 450; Page v. Middleton, 118 Pa. 546; Myers v, Esery, 134 Pa. 177; Wood v. Clark, 1 C. & J. 484; Fenton v. Logan, 9 Bingham, 676; Simpson v. Hartopp, 1 Sm. Leading Cases, * 450.

This court has decided that where a person under an agreement delivers goods to another, to be sold by him at an invoice price, he to retain all he gets over and above that price as his commission, he is not a commission merchant: Dorsh v. Lea, 18 Pa. Superior Ct. 447; Sherman v. Consolidated Dental Mfg. Co., 202 Pa. 446.

*Charles H. Welles*, with him *James H. Torrey*, for appellee.— Goods entrusted to an agent to be sold on commission are not liable to distress for rent due by the agent: Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Karns v. McKinney, 74 Pa. 387; Myers v. Esery, 134 Pa. 177; Brown v. Stackhouse, 155 Pa. 582; Page v. Middleton, 118 Pa. 546; Briggs v. Large, 30 Pa. 287.

OPINION BY BEAVER, J., May 4, 1903:

There is happily no difference in regard to the facts of this case. The plaintiff corporation was, as between it and its agent, Hitchcock, undoubtedly the owner of the goods distrained by the defendant. Those goods were essential to the business of Hitchcock. Without them, he could not move in the direction of active trade such as he carried on. They came necessarily into his hands in his dealings with the plaintiff. The defendant had reasonable notice, by his lease with Lewis & Hitchcock, which was signed by them as individuals, that

they proposed to deal in goods of which they were not the owners, inasmuch as they described themselves in the body of the lease as " managers." The lease, therefore, must have been made upon their individual credit. The plaintiff corporation is not mentioned in it as being connected with the business in any way and the lessees do not hold themselves out as agents for the plaintiff.

Under these circumstances, were the goods of the plaintiff in Hitchcock's possession, upon the premises owned by the defendant, subject to distress for rent overdue under the lease between Lewis & Hitchcock and the defendant ? Surely not.

Little can profitably be added to what is said by the opinion judge in the court below. The principles governing cases of this kind are clearly stated and the authorities fully collected. In none of them perhaps are the general principles which govern this case more concisely stated and the authorities better grouped than in Howe Sewing Machine Co. v. Sloan, 87 Pa. 438, in which Mr. Justice SHARSWOOD says : " The rule of the common law that the goods of a stranger on demised premises are subject to the distress of the landlord has yielded and must continue to give way to the growing necessities of trade and business. As Chief Justice GIBSON has said : ' There is little reason to doubt that the exceptions will in the end eat out the rule.' It is not a subject upon which it would be wise to draw refined distinctions. It was settled in Brown v. Sims, 17 S. & R. 138, that goods on storage were exempt, though the business of the tenant was not exclusively that of a warehouseman. Certainly a man may surely entrust his cattle to a farmer to agist who raises his own beasts for the drove or the market. Nor is there any reason why a similar principle should not be applied to the case of goods entrusted to an agent to be sold on commission. It is notoriously the usage for merchants (not holding themselves out as commission merchants) to receive and sell goods in that way. In the particular case before us it would seem reasonable to infer that the products of sewing machine companies, the machines themselves being known by the name of the manufacturers, are usually sold by these agents on commission. There was enough to put the landlord on inquiry, if notice was necessary. The broad principle which governs the case has been succinctly and happily expressed by our Brother

MERCUR in Karns v. McKinney, 74 Pa. 387. 'The principle,' he says, ' covering these cases during the tenancy, except when the goods are in the custody of the law, is this : Where the tenant in the course of his business is necessarily put in possession of the property of those with whom he deals or of those who employ him, such property, although on the demised premises, is not liable to distress for rent due thereon from the tenant :'' Tinware Mfg. Co. v. Duff, 15 Pa. Superior Ct. 383.

The appellant claims to find a distinction in the cases of Page v. Middleton, 118 Pa. 546, and Myers v. Esery, 134 Pa. 177, in which leased furniture or leased goods in the possession of the tenant were held to be liable to distress for rent, but in both of these cases ·the distinction is clearly made that the property so distrained for rent was not a necessity in the trade or business of the tenant and the cases are put upon that ground. In the former, Mr. Justice CLARK said : " But in no sense can it be said that either Quay or Officer was in the course of his business necessarily put in possession of this property. The delivery of the property was not a necessity in the trade or business in which either of them was engaged." And so, in the latter : " They were not necessarily on the premises for the purposes of trade as in the familiar instances of the goods of a guest at a hotel, or of a boarder in a boarding house, or of grain sent to a mill, cloth in a tailor shop, or goods of a principal in the hands of a factor." It will thus be·seen that these cases are not in any way contradictory of the numerous authorities which settle the general principle upon which the court below relied.

It requires no extension of the rule, so clearly stated in the cases summed up by Mr. Justice SHARSWOOD in Machine Co. v. Sloan, supra, to determine the question involved in the case. If such extension were required, however, we have no hesitation in saying that the rule should be extended, so as to constitute another of the exceptions which Mr. Chief Justice GIBSON so clearly foresaw would " eat out the rule." The system of business, under which Hitchcock was enabled to trade, gives employment to many persons who would otherwise be unable to carry on business. They could not, in the very nature of the case, secure goods on consignment or otherwise, if it were held that such goods were liable for their rent. Nor does the

rule work any injustice to the landlord who in cases such as this can ascertain by a simple inquiry what interest his tenants have in the goods in and with which they trade.   No further discussion is required.

Judgment affirmed.