————————o————————

No. 6109.

## THOS. DUFFY vs. McHENRY HORSE EXCHANGE, ET ALS.

### Syllabus.

The vendor of a horse must reimburse the purchase price and expenses of illness to the purchaser when the disease of which the horse died existed at the time of the sale.

The presumption of law is that the disease existed at the time of the sale when it has made its appearance within three days after the sale.

This presumption may be rebutted by the vendor.

— 22 —

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 104,477. Hon. E. K. Skinner, Judge.

Gauche & Charbonnet, for plaintiff and appellee.

Farrar, Jonas, Goldsborough & Goldberg, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Petitioner avers that on March 11th, 1913, he purchased of defendant for the price of $190.00 cash a horse warranted serviceably sound; that at the time of said sale said horse was afflicted with "Equine Influenza" or Strangles; that on March 13th, petitioner notified defendant of that fact; that petitioner spent $59.95 in medical assistance, and that said horse died March 29th, he prays for judgment for $249.95.

Defendant admits the sale, but avers that it took place on March 9th, that $15.00 was paid on account on March 10th, and the balance paid on March 11th, when plaintiff took delivery of the horse; they aver that the horse was not sick when sold, and that they were notified that the horse was sick only on March 14.

There was judgment for plaintiff against both defendants, and they have appealed.

In order to recover plaintiff "must prove that the vice existed before the sale was made to him." C. C., 2530.

We are satisfied that the evidence establishes that fact. But under the law and facts of this case the burden was on defendants to prove that the vice did not exist at the time of the sale. The second paragraph of the above article provides: "If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."

— 23 —

The Judge of the District Court says in his reasons for judgment: "I am, however, satisfied that there was no sale until the payment of the purchase (price) and the delivery of the animal." We think as he does; although there was an "aggregatio mentium" of the plaintiff and defendants as to the sale, it was to be a cash sale, subject to the suspensive condition, until the price was paid; in other words, the vendor agreed to sell and deliver only on payment of the price.

The price was paid on March 11th, and the sale must be considered to have taken place on that date.

Defendant testifies that plaintiff notified him on March 14th, that the horse was sick. This notice was written within three days and was corroborative of the legal presumption. This presumption is not conclusive and might have been rebutted by the defendants.

Cornish vs. Shelton, 12 A., 415; Dugas vs. Estillot, 5 A., 559; 16 A., 107.

But our appreciation of the testimony leads us to the conclusion that they have failed to do so; facts speak louder than the opinion of witnesses.

Judgment affirmed.

Opinion and decree, October 26th, 1914.