## Baldwin Piano Company v. Moyer et al.

*Landlord and tenant—Distress—Goods of stranger on premises—Replevin.*
Where goods are delivered by the owner to a tenant, to be sold by the latter in the course of his trade as a dealer for the former's account, under an agreement that the transaction shall not in any way constitute a sale to the tenant or give him an interest of any kind whatever in them, the goods are not liable to be distrained by the landlord for rent.

Replevin. Rule for judgment for want of a sufficient affidavit of defence. C. P. Schuylkill Co., May T., 1925, No. 527.

*B. J. Duffy,* for plaintiff.

*Joseph W. Moyer* and *George L. Reed,* for defendants.

KOCH, J., Nov. 2, 1925.—On June 26, 1924, one Frank Kur became the defendants' tenant of a store-room at No. 206 South Centre Street, Pottsville, Pa., at a rental of $189.16 per month, payable in advance, and proceeded to do business there as the New York Music Store. On June 30, 1924, the plaintiff agreed in writing with Kur to furnish him upon consignment certain instruments, and, pursuant to said agreement, consigned to him five pianos, priced in the aggregate of $2180. The instruments and the proceeds of sale thereof, when sold, were, according to said writing, the property of and subject to the plaintiff's order and free from any claim of Kur whatsoever. And the plaintiff reserved the right to take back all the instruments not satisfactorily accounted for by Kur. Kur's agreement with the plaintiff says: "It is expressly understood that nothing in this agreement shall be in any sense construed as constituting a sale of said goods to the undersigned or as giving the undersigned an interest of any kind whatever in them." Kur was to receive a commission on the sale of the pianos when made by him. On March 10, 1925, the Merchants' National Bank of Pottsville proceeded by execution to collect $1250 from Kur for money borrowed by him, and the defendants thereupon gave the sheriff notice of a claim for rent amounting to $567.48. While the execution was pending, Kur was adjudged a bankrupt and the plaintiff's property, together with the property of Kur, passed from the control of the sheriff to the control of Kur's receiver in bankruptcy, and said receiver subsequently released the said pianos from his custody and control, the said pianos then still being on the premises which the defendants had demised to Kur. After the release of the pianos by the receiver in bankruptcy, the defendants, on April 4, 1925, by their landlord's warrant, caused the sheriff to distrain the pianos for rent then amounting to $736.64; and, according to the affidavit of defence, the sheriff on "the same day levied and seized said pianos to be sold for and toward the payment of said rent, of all of which plaintiff had notice." According to the statement of claim, although Kur admitted the right of possession in the Baldwin Piano Company, the defendants prevented the delivery of the pianos by their landlord's warrant for distress to the sheriff, and on April 15, 1925, said piano company issued the writ of replevin in this case and the sheriff, in due course, delivered the pianos to the plaintiff.

In their affidavit of defence the defendants aver that they "had no knowledge whatever of the arrangement between the plaintiff and Frank Kur until the date of the service of the plaintiff's declaration in this case on July 8, 1925." The defendants also aver that they have a lien against the said pianos by virtue of their landlord's warrant and the levy made thereunder by the sheriff as their bailiff, claiming "that said pianos were stored, kept and exhibited for sale by said Frank Kur on the demised premises with the full

Baldwin Piano Company v. Moyer et al.

knowledge, information and consent of said plaintiff, in all respects as his own, without notice to the defendants that the pianos were not his property for a long time prior to the date when he defaulted in the payment of said rent."

In our act relating to replevin, approved April 19, 1901, P. L. 88, it is provided that the plaintiff "shall file a declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based." And "The defendant, or party intervening, shall . . . file an affidavit of defence thereto, setting up facts denying the plaintiff's title and showing his own title to such goods and chattels. The declaration and affidavit of defence, as originally filed, . . . shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury. If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles."

From the foregoing, it is clearly apparent that the defendants show no title to the pianos. The question, therefore, arises whether the defendants have "only a lien upon said" pianos.

The defendants insist that they have a lien by virtue of their landlord's warrant and the levy made thereunder, because of the common-law rule that all goods upon the demised premises are liable to distraint for rent. In Tinware Manuf. Co. v. Duff, 15 Pa. Superior Ct. 383, 386, in an opinion by William M. Porter, J., it is said: "The common-law rule that all goods upon demised premises are liable to distraint for rent still obtains in Pennsylvania, although, as prophesied by Chief Justice Gibson in Brown v. Sims, 17 S. & R. 138, it has in some measure been 'eaten out' by exceptions. Thus, it has been held that goods placed by a stranger with a tenant on storage and goods consigned to a tenant as agent for their sale are not liable to sale under distress for rent: Brown v. Sims, 17 S. & R. 138; Karns v. McKinney, 74 Pa. 387; Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Page v. Middleton, 118 Pa. 546. That the goods of strangers consigned to an agent to be sold on commission are not liable for rent due by the agent is such very familiar law that it is conceded by the appellant, and the merest reference to one or two of the cases on that subject will suffice the purpose of the present contention: Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Page v. Middleton, 118 Pa. 546:" Brown v. Stackhouse, 155 Pa. 582, 585.

In Howe Sewing Machine Co. v. Sloan, 87 Pa. 438, the action was replevin for twelve sewing machines. McKinley, as Sloan's tenant, had been engaged in selling machines for the plaintiff, and Sloan had distrained for rent due by McKinley. On the trial of the case Sloan "testified that he did not know at the time of making the lease, or at the time of the distress, that the property was that of the plaintiff;" that they came upon the demised premises marked to G. C. McKinley, and that he did not know until after the distress that the machines were only consigned to him. The court below entered judgment in favor of the landlord, but the Supreme Court reversed the judgment and remitted the record with an order that judgment be entered for the plaintiff and that the damages for detention be ascertained by a writ of inquiry. Mr. Chief Justice Sharswood, delivering the opinion, said: "The rule of the common law that the goods of a stranger on demised premises are subject to the distress of the landlord has yielded, and must continue to give way, to the growing necessities of trade and business. It may be said generally that goods of strangers, consigned to an agent to be sold on commission, are not

Baldwin Piano Company *v.* Moyer et al.

liable to distress for rent due by an agent:" Dorsh *v.* Lea, 18 Pa. Superior Ct. 447, 450.

From the foregoing authorities, it is entirely clear that the plaintiff's pianos were not liable to distress for the rent due by Kur, and, therefore, that the defendants acquired no lien on them.

Where a rule for judgment in replevin is made absolute for want of a sufficient affidavit of defence, it simply determines the title to the property in dispute and the plaintiff must resort to a writ of inquiry for the assessment of damages: Westinghouse Air Brake Co. *v.* Harris, 237 Pa. 203.

The rule is made absolute.

From M. M. Burke, Shenandoah, Pa.