The opinion bf the court was delivered by
Gibson, C. J.
The right to distrain the property of a stranger, rests on no principle of reason or justice. It is a feudal prerogative, handed down from times when chattels were of little account, and when it may have been impolitic, if not unreasonable, to embarrass the lord with responsibility to one who had thrust jiis property in the way of the remedy to compel a performance of the services. But commerce which wrought a change in the habits and pursuits of men, and gave an importance to personal transactions, necessarily produced a relaxation of the rule, so as to admit of a variety of exceptions, some of them of .early origin, in favour of trade. These have been so often enumerated, that it would be useless to pass them in review here, particularly as no two of the judges seem to have taken the same view of the principles applicable to them, or of the ground on which they *140 were sustained. But be this as it may, there is little reason to doubt that the exceptions will, in the end, eat out the rule. The most plausible argument in support of it is, that as the landlord is supposed to have given credit to a visible stock on the premises, he ought to be allowed recourse to every thing he finds there. * But this recourse cannot be presumed to have been in the view of the parties, where it would defeat the very object of the contract. The particular business for which the premises are let, is always known to the landlord; and where the course of it will necessarily put the tenant in possession of the property of those who deal with, or employ him, it is fair to presume, the landlord intended to dispense with his prerogative, because to do so would be manifestly for his advantage. This seems to have forced itself on the attention of Lord Mansfield, in Francis v. Wyatt; and, it is difficult to conceive how the court, in that case, arrived at the conclusion which it ultimately adopted. The.reason assigned by Mr. Justice Blackstone, that the price of keeping the chariot was a part of the profits of the premises, is altogether unsatisfactory; for the price paid for shoeing a horse which is privileged from distress, is, in some respects, a part of the profits of the shop; and in the case of goods landed at a wharf, or deposited in a storehouse, (which, it is conceded, are privileged,) the price paid is purely a part of the profits. The truth is, that Francis, and Wyatt, on which the defendant’s case mainly depends, would now hardly be acknowledged as authority in Westminster Hall, the decisions, since the American Revolution, being inconsistent with it. Where the course of the business must necessarily put the tenant in possession of the property of his customers, it would be against the plainest dictates of honesty and conscience, to permit the landlord to use him as a decoy, and pounce upon whatever should be brought within his grasp, after having received the price of its exemption in the enhanced value of the rent. What is the case on these pleadings? It is admitted, that the tenant used the trade and business of a merchant; received goods and merchandizes from merchants and traders on storage, in the way of his trade; and that the plaintiff put the tobacco in his stores and warehouses, in the way of trade. It is immaterial that the occupation of the tenant was not exclusively that of a warehouseman. In England, trades and occupations are more definite in their nature, than here, where commerce is less regular in its operations; and in adapting a rule to its demands, we must necessarily have regard to the condition of things as we find them. To take goods on storage, though not the appropriate business of our merchants, is of such common occurrence, as to furnish an intendment that it enters into the consideration of the parties to every lease of a warehouse. The landlord knows that it is to be used for the general purposes of *141 trade, and as this sort of bailment usually forms a part of the business of commerce, wfe are bound to say,, the parties had regard to it as one of the usages of trade; and the landlord must, therefore, be considered as having waived his privilege in this particular instance.
Demurrer overruled.