(Decided 20th February, 1873.)

ANDREW B. McCREERY *vs.* HORACE B. CLAFFLIN, and others, trading as H. B. CLAFFLIN & Co.

*Goods Exempt from Distress.*

The goods of a principal in the store of his commission merchant for sale, are not liable to distress for rent due by the latter to the landlord of the premises.

APPEAL from the Superior Court of Baltimore City.

This was an action of *replevin* brought on the 9th of February, 1871, by the appellees against the appellant, to recover certain bales of flannel, which he had distrained for rent due him by Thomas Goodwin and James Oliver, trading as Goodwin, Oliver & Co., tenants of the premises where the goods were found.

The defendant avowed the taking of the goods mentioned in the declaration, for rent in arrear, due him by the said Goodwin, Oliver & Co., for three-fourths of a year, for the premises where said goods were found. The plaintiffs pleaded to the avowry, that the said Goodwin, and Oliver were at the time of the said taking, and for a long time prior thereto, had been factors and commission

merchants; that the said goods in the declaration men-
tioned, were the property of the plaintiffs, and at the
time of the taking of the same by the said defendant,
were in the possession of said Goodwin, Oliver & Co., as
factors or commission merchants of the said plaintiffs,
by whom the same had been consigned to the said Good-
win and Oliver, to be sold by them on account of the
plaintiffs. Issue was joined.

All errors in pleading were waived.

*Exception.*—At the trial of the case in the Superior
Court, the plaintiffs who were dry-goods merchants,
doing business in the city of New York, to support the
issue on their part, proved that the goods taken by the
sheriff under the writ of replevin, had been taken by the
defendant under a writ of distraint, and that they were
the property of the plaintiffs, and were consigned by
them to Thomas Goodwin and James Oliver, trading as
Goodwin, Oliver & Co., and doing business at the time
as dry-goods commission merchants, in the city of Balti-
more, to be sold by them on account of the plaintiffs, for
a commission of one per cent. on amount of sales, and
that said Goodwin & Oliver had no interest, property,
right or title in, or to said goods, for advances made by
them, or otherwise. It was further proved, that A. B.
McCreery, the defendant, and James McCreery, his
agent, a dry-goods merchant in New York, had been
in the store of Goodwin, Oliver & Co., several times
during the latter's tenancy.

The defendant offered evidence tending to prove, that
he rented a certain house on Sharp street, in the city of
Baltimore, to a mercantile firm, known as Goodwin,
Oliver & Co., and that on the first day of January,
1871, there was due from them to the defendant, for
rent which had accrued before the day aforesaid, the
sum of $3,750, which had accrued from the first day
of April, 1870, until the first day of January, 1871, and

that the defendant distrained for the same, and among others, distrained on the goods mentioned in the declaration, which were found in the house so rented. That the said Goodwin and Oliver kept in said house a dry-goods store, and occasionally sold dry-goods on their own account, but generally when they did so, had orders for goods which they could not get from their regular consignors, and therefore bought. And that the only sign said Goodwin & Oliver had over the said store, was the name of the firm and the number of the store. That the said defendant had not resided in the city of Baltimore for about eighteen or twenty years. That James McCreery was the agent for the defendant at the time of the renting of said house to Goodwin & Oliver, and it was by him the house was rented; and at the time of the renting of said house, James McCreery resided in New York, and that the renting had been negotiated in New York, and had been concluded by a letter from him to Goodwin & Oliver.

The plaintiffs offered the following prayer:

If the jury find from the evidence that Goodwin, Oliver & Co., were dry-goods commission merchants at the time of the levy of the distress, and prior to the rental of the premises, and that the goods taken under the writ of replevin were consigned to them by H. B. Clafflin & Company, of New York, for sale on commission; and that said Goodwin, Oliver & Co., had no title to said goods, and that said goods were on the premises mentioned in the proceedings, and were there distrained upon by the defendant for rent due by Goodwin, Oliver & Co., then the avowant cannot justify under the distress, and the verdict must be for the plaintiffs, with such damages as the jury may find the plaintiffs have sustained.

The defendant asked the following instruction:

If the jury believe from the evidence in the case, that the defendant rented the store on Sharp street to Messrs.

Goodwin & Oliver, trading as Goodwin, Oliver & Co., and that on the first of January, 1871, there was due to the defendant from the said Goodwin & Oliver, $3,750, for rent due on the store in which the goods were distrained, and which accrued from the first of April, 1870, until the first of January, 1871, and that the defendant distrained for the same, and levied, among others, on the goods mentioned in the declaration in this case in the said store; and that the said Goodwin & Oliver kept in said house a dry-goods store, and purchased and sold dry-goods in said store on their own account, and that the only sign that the said Goodwin & Oliver had over the said store was the name of their firm, and the number of their store; and that the said defendant has not resided in Baltimore city for about eighteen or twenty years; and that James McCreery was the agent who rented the said house to said Goodwin & Oliver, and that at the time of the renting thereof, the said James McCreery resided in New York, and that the said renting had been negotiated for in New York, and had been concluded by a letter from said James, written in New York to said Goodwin & Oliver in Baltimore, then the plaintiffs are not entitled to recover; although they may believe that the plaintiffs shipped the goods mentioned in the declaration, to the said Goodwin & Oliver on commission, to be sold by the said Goodwin & Oliver on commission for the plaintiffs; and although they may believe that said Goodwin & Oliver were commission merchants in Baltimore for several years; and although they may further believe that the said defendant and the said agent had visited Baltimore on several occasions since the said renting.

The Court (DORBIN, J.,) granted the prayer of the plaintiffs and rejected the prayer of the defendant. The defendant excepted. The judgment was for the plaintiffs, for the property replevied, and one cent damages, and costs. The defendant appealed.

McCreery *vs.* Clafflin, *et al.*

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, and ROBINSON, J.

*Patrick M' Laughlin,* for the appellant,

Argued that the goods distrained were not entitled to exemption from distress, and in support thereof relied upon the following authorities: *Gisbourn vs. Hurst,* 1 *Salk.,* 250; *Francis vs. Wyatt,* 3 *Burrows,* 1500, 1503; *Muspratt vs. Gregory,* 1 *Mees. & Wels.,* 633, *and* 3 *Mees. & Wels.,* 677; *Joule vs. Jackson,* 7 *Mees. & Wels.,* 450; *Gorton vs. Falkner,* 4 *Term Rep.,* 568; *Trieber vs. Knabe & Betts,* 12 *Md.,* 494.

*A. C. Trippe* and *J. Morrison Harris,* for the appellees.

The sole point in this case is, can the goods of a principal in the hands of his commission merchant be distrained upon for rent due by the commission merchant? By the common law "things delivered to a person exercising a public trade, to be wrought, worked up or managed in the way of his trade or employment are absolutely free from distress." This exception includes goods of a principal in the store of his commission merchant, and even extends to the case where the tenant has a qualified property in the goods distrained. *Simpson vs. Hartopp,* 1 *Smith's Leading Cases,* 2d part 665; 6 *Robinson's Practice,* 526; *Brown vs. Arundell,* 1 *Eng. Law, and Eq.,* 373; *Williams vs. Holmes, et al.,* 20 *Eng. Law and Eq.,* 370; *Findon vs. McLaren,* 51 *Eng. Com. Law,* 891; *Connah vs. Hale,* 23 *Wendell,* 462; *Brown vs. Sims,* 17 *Serg. & R.,* 138; *Walker vs. Johnson, et al.,* 4 *McCord,* 552; *Swire vs. Leach,* 114 *Eng. Com. Law,* 479; *Gilman vs. Elton,* 3 *Brod. & Bing.,* 75; *Matthias vs. Mesnard,* 2 *Car. & Payne,* 353; *Trieber vs. Knabe & Betts,* 12 *Md.,* 494.

STEWART, J., delivered the opinion of the Court.

The only question here, is, as to the extent of the landlord's right to distrain upon the goods found upon the demised premises. Whether in fact the merchandise sent to Goodwin, Oliver & Co., as factors, for sale, on account of the owners, the appellees, is exempt by law from the distress for rent due by the tenants, the factors, when they also sold goods at the same place, on their own account, and had no public sign that they were factors, and the landlord was a non-resident?

It was urged by the counsel for the appellees, that goods found upon the premises under such circumstances, were excepted; and that the summary process for the recovery of rent, was a vestige of the Feudal system, and that the Court should adopt the most liberal construction to release property from its grasp.

Chief Justice GIBSON, in *Brown vs. Simms,* 17 *S. & R.,* 139, speaks of it as a feudal prerogative handed down from a period when chattels were of little account, and that the most plausible argument in support of it, is, that as the landlord is supposed to have given credit to a visible stock on the premises, he ought to be allowed recourse to every thing he finds there. Chancellor KENT on the other hand, 3 *Kent's Com.,* 625, thinks it a necessary and useful provision, dictated by sound policy, and that the prosperity and growth of our cities, would be seriously checked if the law did not afford landlords a speedy and effectual security for their rents.

Chief Justice DENMAN, in the case of *Muspratt vs. Gregory,* 3 *Meeson & Welsby,* 678, remarks, in regard to the argument, urging the policy of a relaxation of the rule for the promotion of trade, that all laws profess to be founded on the principle that they are for the public good, but what is or not for the public good, is a matter of speculation, upon which the wisest men may differ, and as to which the Judges are not at liberty to promul-

gate new rules of law. Such was the view of C. J. LE GRAND, in *Trieber vs. Knabe & Betts,* 12 *Md.*, 491, referring the correction of any abuse to the legislative department, as the proper authority for that purpose. We find no reason to dissent from this view, and such has been the legislative interpretation, and laws have been enacted by the State modifying in some respect the rigor of the common law; and we must leave to that branch of the government to determine what public policy may dictate. Under the exceptions in favor of trade, reference of course must be had to the description of articles pertaining to that subject. Whilst the general rule holds all chattels found upon the demised premises, *prima facie* liable for the rent, it is subject to the exceptions recognized on grounds of public policy, for the benefit of trade, or the preservation of the peace, of certain classes of articles; and embrace all property of like character or *ejusdem generis.*

Whilst there have been differing adjudications as to what are the exceptions, and as to the extent of the exemption under the privilege of trade, so far as our researches have extended, all the adjudged cases concur that goods delivered to tradesmen, artificers, carriers, factors, wharfingers, auctioneers, and the like, without qualification are exempted. See *Muspratt vs. Gregory,* 3 *Mees. & Welsby,* 678; *Gilman vs. Elton,* 3 *Brod. & Bingham,* 75; *Findon vs. McLaren,* 6 *Adol. & Ellis,* (51 *E. C. L.,*) 890; *Matthias vs. Mesnard,* 2 *Car. & Payne,* 353; *Walker vs. Johnson,* 4 *McCord,* 552; *Brown vs. Sims,* 17 *Serg. & Rawle,* 138; *Connah vs. Hale,* 23 *Wendell,* 462. In 3 *Kent's Com.*, on the subject of the remedy for the collection of rent, beginning at page 607; also in *Smith's Leading Cases,* 661, and in 6 *Robinson's Prac.*, 526, the various authorities both in England and this country are referred to, and it would be an unprofitable consumption of time to undertake to review them here.

In *Trieber vs. Knabe & Betts,* 12 *Md.,* 491, they were examined, and the judgment in *Simpson vs. Hartopp, Willes, R.,* 512, was recognized as a clear statement of the law upon the subject.

Five general exceptions to the rule are stated—some of them, absolutely—others *sub-modo*—amongst those excepted, without qualification, are "things delivered to a person exercising a public trade, to be carried, wrought, worked up or managed, in the way of his trade or employ;" but as the exceptions, are merely given, by way of example, any goods excepted, must be shewn, to be *ejusdem generis*—and in determining which are of that character, some diversity of opinion has been expressed. The counsel for the appellant, conceded the law, to be as stated, generally, but contended, for the distinction, sought to be made in his prayer; that as the tenants in this case, besides receiving goods for sale, as factors or commission merchants, (if there be any legal distinction between them,) also sold goods on their own individual account; that such fact made a difference—that to enable them to have the protection afforded, under the exception, in favor of trade, their vocation ought to be exclusive and notorious, by having their sign at their place of business to that effect—and further, that as the landlord was a non-resident, and ignorant of the vocation of his tenants as factors, the goods and merchandise upon the premises were not entitled to be exempted. We find no authority to sustain such a proposition.

The goods not belonging to the tenant, are exempt from distress for rent, whilst they are in the hands of the commission merchant or factor, not so much on account of a *special privilege to the tenant,* but for the benefit of trade and commerce, and *for the purpose of protecting the owner of the goods,* who has confided them to the tenant for sale.

It is not material whether the landlord is aware of the true owner of the goods or not. Such we take to be

the reason of the decision in the case of *Gisbourn vs. Hurst*, 1 *Salkeld*, 249, where the party was not a common carrier, but occasionally brought from the country cheese to London, and on his return carried back in his wagon, such goods as he could get, for a reasonable price, and it was determined by the Court, that he was, as to this privilege a common carrier, and the goods in his custody were protected from distress for rent; not from special regard to him, but in respect of the *trader;* and such we apprehend to be the doctrine of all the cases.

We find no error in the rulings of the Superior Court.

*Judgment affirmed.*

(Decided 20th February, 1873.)