# Dorsh, Appellant, *v.* Lea.

*Landlord and tenant—Goods consigned on commission—Distress.*

The rule that goods of strangers consigned to an agent to be sold on commission are not liable to distress for rent due by the agent, does not apply to a case where a retail dealer receives goods, for which he agrees to pay, after they are sold, the invoice price at which the seller sells the same goods to others, the purchaser to retain all he gets for the goods over and above the invoice price as his "commissions." In such a case as the seller reserves no right to take back the goods, and as there is nothing to indicate that the purchaser is an agent for the sale of the goods, the latter can be considered in no sense a commission merchant.

Argued Oct. 16, 1901. Appeal, No. 92, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 1023, on case stated in suit of William Dorsh & Sons' Shoe Mfg. Co. v. Henry C. Lea. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated in replevin.

The material portions of the case stated were as follows:

This suit is an action of replevin for goods distrained by the defendant for rent in arrear, and claimed by the corporation plaintiff as its property.

One John J. Kolhoff, on June 29, 1896, became tenant to defendant, Henry C. Lea, of premises No. 54 North Twelfth street, in the city of Philadelphia, by virtue of an assignment to him of an existing lease. The said Henry C. Lea was at that time and still is owner in fee simple of the demised premises.

The said Kolhoff opened in said demised premises a retail shoe store, and from thenceforth carried on a retail shoe business. There was nothing, either in the appearance of the store or in the manner of conducting the business, to distinguish it from an ordinary retail shoe store, and the stock in trade, except the goods hereinafter mentioned, was purchased by him in the usual way.

While he was thus carrying on business, the president of the plaintiff company met Mr. Kolhoff and told him he was going into the shoe business, and the president of plaintiff company

wanted to do business with him, and knowing that he did not have much capital, he offered him a line of shoes on consignment, if Kolhoff would agree to return to the plaintiff the money for the goods as soon as he sold them. The amount to be returned to the plaintiff, after the goods were sold, was the invoice price at which plaintiff usually sold the same line of goods to other customers, and Kolhoff was to have all he got for the goods over and above that price as his commission. In pursuance of this arrangement, which was entirely verbal, the plaintiff sent to Kolhoff two shipments of shoes from its factory in Newark, New Jersey. An entry of the said two shipments was made under the dates of July 15, 1896, and August 1, 1896 (a copy of the entries in the plaintiff's book account is hereto annexed as a part of this case stated), in plaintiff's sales book. The said book, with the exception of the two entries in question, is exclusively a sales book, and, except as to the two said entries, consists entirely of entries of goods sold and delivered by plaintiff to purchasers. The plaintiff so seldom sold goods to others on consignment that it did not keep a regular consignment book. The words " terms as agreed " upon said entries, respectively, refer to the foregoing agreement between the president of plaintiff company and Kolhoff. The landlord was never informed of this agreement and had no knowledge or notice that any part of the stock was not the property of the tenant until the constable had made the levy, at which time the landlord was notified, and having refused to release the said goods from the levy, the writ of replevin in this case was issued.

On January 15, 1897, said Kolhoff paid to plaintiff the sum of $40.00 on account of said shoes. On January 25, 1897, the sum of $162.60 then being in arrear for rent, the said Henry C. Lea, defendant, through I. H. Jones, a constable of the city of Philadelphia, also a defendant, levied upon the stock of goods in the store of the said Kolhoff, including, inter alia, 112 pairs of shoes of the value of $199.80, part of the said two invoices sent to Kolhoff by plaintiff, and this writ of replevin was issued by plaintiff for the said shoes, which he thereupon carried away and credited to said Kolhoff's account as of the said value of $199.80, which is the aggregate amount at which they are charged in the said entries.

Afterward, by a sale of other goods levied on, the net sum of $38.99 was received (after deducting costs and expenses), which is now a proper credit against said sum of $162.60, leaving due, up to the time of the distress, $123.69.

If, upon the above facts, the court be of opinion that the said shoes thus sent by the plaintiff were not at the time of the said levy subject to the defendant's distress for rent, judgment is to be entered for plaintiff, but if the court be of the opinion that the said shoes could lawfully be distrained upon for rent as aforesaid, then judgment be entered for the defendant, finding that the rent then in arrear at the time of the distress, less above credit, is $123.61, and that the value of the goods in question was $199.80.

### COPY OF PLAINTIFF'S BOOK ENTRIES.

J. J. KOLHOFF,
54 N. 12th St., Phila., Pa.

#### Terms as Agreed.

| Case No. | | | | | | Low | | |
|---|---|---|---|---|---|---|---|---|
| July 15th, '96. | 14 Prs. | Gt. | Calf | 3467 | Boots | @ 2.25 | $31.50 |
| | 10 " | " | " | 3469 | " | @ 2.25 | 22.50 |
| | 12 " | " | " | 3466 | " | @ 2.25 | 27.00 |
| | 12 " | " | " | 3468 | " | @ 2.25 | 27.00 |
| | 5 " | " | "pat. lea | 3889 | " | @ 2.73 | 13.75 |
| | 12 " | " | " | 3893 | " | @ 2.75 | 33.00 |
| | 10 " | " | " | 3892 | " | @ 2.75 | 27.50 |
| | 10 " | " | " | 3891 | " | @ 2.75 | 27.50 |
| | 14 " | " | " | 3890 | " | @ 2.75 | 38.50 |
| | | | | | | | $248.25 |

#### Terms as Agreed.

| | | | | | | Low | | |
|---|---|---|---|---|---|---|---|---|
| Aug. 21st, '96. | 9 Prs. | Gt. | pat. lea. | 5709 | Boots | @ 3.25 | $29.25 |
| | 9 " | " | " | 5708 | " | @ 3.25 | 29.25 |
| | 12 " | " | " | 5711 | " | @ 3.25 | 39.00 |
| | 9 " | " | Cords | 5715 | " | @ 3.50 | 31.50 |
| | 9 " | " | " | 5714 | " | @ 3.50 | 31.50 |
| | 12 " | " | Calf | 5720 | " | @ 2.50 | 30.00 |
| | 12 " | " | " | 5718 | " | @ 2.50 | 30.00 |
| | 12 " | " | " | 5719 | " | @ 2.50 | 30.00 |
| | | | | | | | $250.50 |

450          DORSH, Appellant, *v.* LEA.

Statement of Facts—Opinion of the Court.  [18 Pa. Superior Ct.

The court entered judgment for the defendants on the case stated : Rent in arrear at time of distress, $123.61.   Value of goods, $199.80.

*J. Hibbs Buckman*, with him *William Hopple, Jr.*, for appellant.—The old rule of the common law that the goods of a stranger on demised premises were subject to the distress of the landlord has yielded and given way to the necessities of trade and business : Weidel v. Roseberry, 13 S. & R. 180 ; Brown v. Sims, 17 S. & R. 138.

A thing put upon the premises by a customer in the way of the tenant's business is privileged from distress : Briggs v. Large, 30 Pa. 287 ; Blanche v. Bradford, 38 Pa. 344; Karns v. McKinney, 74 Pa. 387.

When the tenant in the course of his business necessarily has the goods of those with whom he deals, or who employ him, the goods are not liable to distress for rent due by the tenant : Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Kleber v. Ward, 88 Pa. 93 ; Page v. Middleton, 118 Pa. 549 ; Myers v. Esery, 134 Pa. 177 ; Brown v. Stackhouse, 155 Pa. 583 ; Esterly Machine Co. v. Spencer, 147 Pa. 466.

*J. Howard Gendell*, for appellee.—The title to the shoes passed to Kolhoff, as between him and his creditors : Keystone Watch Case v. Fourth Street Nat. Bank, 194 Pa. 535 ; Harris v. Shaw, 17 Pa. Superior Ct. 1.

Even if the goods did belong to plaintiff, they were subject to the landlord's distress : Karns v. McKinney, 74 Pa. 387 ; Price v. McCallister, 3 Gr. 248 ; Myers v. Esery, 134 Pa. 177 ; Page v. Middleton, 118 Pa. 546 ; Brown v. Sims, 17 S. & R. 138; Bevan v. Crooks, 7 W. & S. 452.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901 :

It may be said generally that goods of strangers, consigned to an agent to be sold on commission, are not liable to distress for rent due by the agent.   The appellant contends that this rule is applicable to the present controversy.   The facts exhibited by the case stated are in epitome as follows : Kolhoff rented certain premises from the defendant and conducted therein an ordinary retail shoe store.   The plaintiff sent him

certain shoes " on consignment." Kolhoff agreed to return to
the plaintiff the money for the goods after they were sold,—
the amount returned to be the invoice price at which the plain-
tiff usually sold the same line of goods to other customers.
Kolhoff, it was agreed, was to have all he got for the goods
over and above the invoice price, as his " commission." The
transaction was entered in the plaintiff's sales book, as in the
case of other goods sold, save that the words " terms as agreed "
were appended to the entries. The landlord had no knowledge
or notice that any part of Kolhoff's stock was claimed by third
parties until the constable's levy.

The arrangement described did not protect the goods from
levy. There was no right reserved to take back the goods. It
was a delivery of the goods at a certain price, Kolhoff to make
his profit in what he received over such price. As to third
parties there was nothing to indicate that Kolhoff was an agent
for the sale of the goods on behalf of the plaintiff. There was
no provision that he should account to the plaintiff for the
amount of his sales. He might sell at any price. If in ex-
cess of the invoice price, he profited. If for less, he lost. He
was in no sense a commission merchant. The taking and sell-
ing of goods on commission were no part of his usual business.

The goods in dispute were to be sold in the usual course of
his business as a retail shoe dealer and their cost remitted to
the plaintiff. The transaction was a sale as to creditors of
Kolhoff ignorant of any reservation of lien in the vendors. The
defendant was such a creditor and the goods were therefore
subject to levy.

The judgment is affirmed.