N. Z. Graves Company, a corporation created by and existing under the Laws of the State of Pennsylvania, *vs.* William S. Smith, Bailiff.

Landlord and Tenant—Distress for Rent—Goods Held by Tenant on Consignment—Statute.

Under *Rev. Code* 1852, amended to 1893, *c.* 120, § 22, excepting from distress goods not the property of the tenant, but being in his possession in the way of his trade, or upon the said premises in the regular course of any business there carried on, where a retail merchant dealt on his own account, and also in goods consigned to him under an agreement that they were to be held on consignment and sold for the owner's account, such merchant's landlord could not distrain for rent upon the goods so consigned.

(<em>November</em> 4, 1915.)

Pennewill, C. J., and Conrad, J., sitting.
*W. Watson Harrington* for plaintiff.
*James M. Satterfield* for defendant.
Superior Court, Kent County, October Term, 1915.

Action of Replevin, No. 2, October Term, 1915.

Action by N. Z. Graves Company against William S. Smith, bailiff of Harry Vane, landlord, who distrained upon certain goods consigned by the plaintiff to Charles Watson Dunham, a retail merchant and tenant of the distrainor. The goods taken under the distress were to be held by Dunham on consignment and to be sold by him for the account of the plaintiff. The case was heard by the court on a case stated, the material facts of which and the questions of law raised appear in the opinion of the court. Judgment for plaintiff.

Pennewill, C. J., delivering the opinion of the court:
From the case stated and filed the material facts appear to be as follows:

On June 29, 1914, Charles Watson Dunham was a retail merchant in the Town of Dover, dealing in goods belonging to him, on his own account; and was also a retail dealer in goods which were consigned to him from time to time by the plaintiff under an agreement that they were to be held on consignment and to be sold for the account of the plaintiff, and account of sales to be rendered ninety days at prices stated on the memorandum sent at time of shipment.

Pursuant to the direction of Harry Vane, landlord, the defendant, his bailiff, under a distress for rent seized certain goods in the storehouse of said Vane, and in the possession of Dunham, his tenant, which had been consigned to Dunham under the terms of said agreement.

The question to be determined in this case, is whether the goods consigned to Dunham as above stated were subject to seizure for rent due from the tenant to the landlord.

*Section* 22, *Chapter* 120, *Revised Code* of 1893, after enumerating things subject to distress, sets out the property exempt from the operation of the statute, as follows:

"Except goods and chattels not the property of the tenant, but being in his possession in the way of his trade, or upon the said premises in the regular course of any occupation, or business, there carried on; which exception shall extend to horses and carriages at a livery stable, the property of boarders in a boarding house, and to the beast of a drover depastured while passing through the county, as well as to the more obvious cases of exemption at common law."

In England, as personal property became a matter of greater importance, and as the trade and commerce of the country increased, the courts manifested a disposition to extend the principle of exempting from distress the goods of a stranger found upon the premises. The rigor of the ancient policy of the feudal right has been released. *Hoskins v. Paul,* 9 *N. J. Law,* 110, 17 *Am. Dec.* 459, and other cases.

In some of the English cases it is said, the principle of the exemption is "the public good"; and in others, "the benefit and encouragement of trade and commerce."

The more obvious cases of exemption at common law referred to in the statute are so well known that it is unnecessary to refer

to them here or to many of the English cases cited by plaintiff.

There is abundant authority to sustain the proposition that goods consigned for sale on commission to a broker, factor, or merchant who also trades on his own account, or to any person exercising a public trade, or employment, to be carried, wrought or managed in the way of his trade or employ are privileged from distress for rent. *Gillman v. Elton*, 7 *E. C. L.* 355; *Mathias v Mesuard*, 12 *E. C. L.* 166.

In *Muspratt v. Gregory*, 1 *M. & W.* 633, it was said:

"The ground of the exemption is not that the goods are to be made up or managed, but that they are necessarily to be placed on the premises of the trader, in the way of his trade, if that trade is to be made available to the public."

In the same case Alderson, B., used this language:

"I think therefore, that it [exemption] extends, both to the working up of goods, from their unwrought state, into a new form, as a manufacture; and also to the dealing with the goods as articles of trade, in their original or their wrought state, as articles of commerce, as a factor."

In *Brown v. Sims*, 17 *Serg. & R.* (*Pa.*) 138, Chief Justice Gibson, in speaking of the harsh rule, viz., the right to distrain on the property of a third person as based on feudal principles, said:

"There is little reason, to doubt, that the exceptions will, in the end, eat out the rule."

The case of *McCreery v. Clafflin*, 37 *Md.* 435, 11 *Am. Rep.* 542, seems to be much in point, and the reasoning of the court seems very strong.

In that case, as in the present one, the distinction was contended for, that the tenants, besides receiving goods for sale as factors or commission merchants, also sold goods on their own individual account. It was contended that to enable them to have the protection afforded, under the exception, in favor of trade, their vocation ought to be exclusive and notorious; by having no sign at their place of business to that effect, and further, that as the landlord was a non-resident and ignorant of the vocation of his tenants as factors, the goods upon the premises were not entitled to be exempted.

The court said:

"We find no authority to sustain such a proposition. The goods not belonging to the tenant, are exempt from distress for rent, whilst they are in the hands of the commission merchant or factor, not so much on account of a special privilege to the tenant, but for the benefit of trade and commerce, and for the purpose of protecting the owner of the goods, who has confided them to the tenant for sale. It is not material whether the landlord is aware of the true owner of the goods or not."

In *Howe Sewing Machine Co. v. Sloan*, 87 *Pa*. 438, 30 *Am. Rep*. 376, the court said:

"The rule of the common law that the goods of a stranger on demised premises are subject to the distress of the landlord has yielded, and must continue to give way to the growing necessities of trade and business. * * * It is not a subject upon which it would be wise to draw refined distinctions."

In that case it was held that there was no reason why goods entrusted to an agent to be sold on commission should not be exempt.

The general principle, which Chief Justice Gibson says is a growing one, and embraces every case which can be brought, at all within it, may be stated as follows:

"Where the tenant, in the course of his business, is necessarily put in the possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress for rent, due thereon from the tenant."

In *Brown v. Stackhouse*, 155 *Pa*. 582, 26 *Atl*. 669, 35 *Am. St. Rep*. 908, the court said:

"That the goods of strangers consigned to an agent to be sold on commission are not liable to distress for rent due by the agent, is such very familiar law that it is conceded by the appellant."

It is equally well settled that such goods will be exempt even though it was not the exclusive business of the tenant, and even though the landlord did not know they were owned by a third party.

In *Owen v. Boyle*, 22 *Me*. 47, the court stated broadly:

"No precise rules are given, by which to determine in all cases the line which divides the property privileged, from that which is liable. But when we keep in view, the great object of the exception, can there be any doubt, what the general rule was intended to be?"

The rule recognized by practically all the cases, is very clearly stated and followed by our own court in *Knowles v. Pierce*, 5 *Houst.* 178, so far as the rule was applicable to the facts of that case. Chief Justice Comegys in the course of his charge to the jury said:

"If * * * the jury should conclude that the flannel and materials * * * taken on the distress warrant * * * were then the property of the plaintiff, * * * and were in the possession of the tenant upon the premises in question in the way of his trade or in the regular course of his occupation or business then carried on there, to be manufactured into flannels for the plaintiff, then, under the provision of the statute in such case made and provided alike for the encouragement of trade and the protection of the rights and interests of the owner * * * under such circumstances, such goods were exempt from seizure."

We do not understand counsel for the defendant to question the law as above stated. He concedes the soundness of those authorities which hold that goods consigned for sale on commission to one engaged in such business as well as in selling on his own account, are exempt from seizure on distress for rent. But, he says that in the present case the goods were not shipped to be sold on commission; that Dunham was neither a broker or commission merchant; that the goods were consigned to Dunham for sale, and the proceeds of sale, up to the price stated on memorandum, were to be accounted for to the plaintiff.

Can there be any difference in principle, so far as the question before the court is concerned, between a consignment of goods for sale on commission and a consignment for sale on account of consignor, the account of sales to be rendered at a certain time at prices stated on memorandum sent at time of shipment?

In the one case the consignee is paid for his care and trouble by commissions, and in the other by the amount he sells the goods for in excess of the prices stated on the memorandum. In both cases the consignor, is the owner, and the consignee the agent; and in both cases the goods are upon the demised premises and in the possession of the tenant consignee, in the regular course of his trade, occupation or business there carried on.

In view of the authorities above mentioned including cases in the highest court of Pennsylvania, we are not much impressed

with the case decided by a lower court of that state, and which is the only case cited by defendant, viz.: *Dorsh v. Lea,* 18 *Pa. Super. Ct.* 447.

In that case the goods were consigned under an agreement strikingly similar to the one in the present case. The court said:

"As to third parties there was nothing to indicate that Kolhoff was an agent for the sale of the goods on behalf of the plaintiff. There was no provision that he should account to the plaintiff for the amount of his sales. He might sell at any price. * * * He was in no sense a commission merchant. The taking and selling of goods on commission were no part of his usual business."

It is unquestionably the law, according to the authorities, that exemption of property from distress for rent is not affected by the landlord's lack of knowledge of its ownership. But in the absence of authority we would have no doubt about the question, because our statute is not qualified by the requirement of such knowledge. To hold that the landlord must know that the tenant is not the owner in order that the exception may be effective, would be to engraft upon the statute a condition or qualification that it does not contain and clearly did not intend.

While the present case involves a construction of a statute of our own state, we think the cases cited by the plaintiff are pertinent and helpful. But, without regard to the authorities, and basing our decision solely on the language of the statute, the court are of the opinion that the said defendant, William S. Smith, bailiff as aforesaid, did not have the right to distrain on and sell the above mentioned property, consigned by the plaintiff under the agreement aforesaid, for rent due Harry Vane, the landlord; and judgment will, therefore, be rendered for the plaintiff for the sum of one hundred and nine dollars and forty cents, in accordance with the terms of the case stated.