In re HERHOLDT POULTRY, Inc., Bankrupt.

No. 1610.

United States District Court
D. Delaware.

Feb. 20, 1958.

Meyer Ableman, Georgetown, Del., for petitioner.

Paul R. Reed (of Tunnell & Tunnell), Georgetown, Del., for Eagle Poultry Packers, Inc.

Arthur Dean Betts, Georgetown, Del., for trustee.

LAYTON, District Judge.

In July, 1956, the bankrupt rented a poultry processing plant completely equipped from Eagle Poultry Company, Inc. A part of the lease stated that "3. Tenant is hereby given the right to make improvements to the plant * * *." In accordance with the language just quoted, bankrupt in August of the same year arranged for the purchase of two pieces of equipment called "gizzard splitters" from Southern Equipment Company, the petitioner. This purchase was subject to two conditions, (1) that the equipment meet the approval of the tenant (bankrupt) and (2) that it conform to certain requirements of the U. S. Department of Agriculture. Upon delivery, the machinery failed to conform to the requirements of the Department of Agriculture. The petitioner agreed to correct the deficiencies in the equipment on bankrupt's premises and was in the process of so doing when the latter was adjudicated on December 6, 1956. On May 28, 1957, the landlord petitioned the Referee for permission to distrain upon petitioner's equipment which petition, over objection,[1] was granted. This petition to review the Referee's order allowing the distraint followed. No question is raised as to the intervention of the bankruptcy adjudication defeating the distraint and it seems to be conceded that the equipment was not in use at the time of the levy. The law of Delaware is controlling.

In Delaware, it has long been settled that, except for certain statutory exemptions, a landlord has the right to distrain for rent upon all the property on his tenant's premises including that of a third person. Robelen & Co. v. National Bank of Wilmington & Brandywine, 1 Marv. 346, 41 A. 80; N. Z. Graves Co. v. Smith, 5 Boyce 580, 96 A. 36.

The only question requiring serious consideration, then, is whether the property in dispute was exempt from the distress proceeding by virtue of the exemption in the statute which reads:

"* * * except goods and chattels not the property of the tenant, but being in his possession in the way of his trade, or upon the premises in the regular course of any occupation, or business, there carried on. This exception shall extend to horses and carriages at a livery stable, to property of boarders in a boarding-house, and to the beasts of a drover depastured while passing through the county, as well as to the more obvious cases of exemp-

---

1. Petitioner's motion to dismiss stated in part:

"* * * being the property of a third person, and being on the demised premises in the way of the trade of the ten- ant and being on the premises in the regular course of the business of the tenant, there carried on, was exempt from distress * * *."

tion of common law. \* \* \*" 25 Del.C. § 5504.[2]

In Howe Sewing Machine Co. v. Sloan, 87 Pa. 438, it was said:

"Where the tenant in the course of his business, is necessarily put in the possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress \* \* \*."

In Brown v. Stackhouse, 155 Pa. 582, 26 A. 669, 671, the Court said this:

"That the goods of strangers consigned to an agent to be sold on commission are not liable to distress for rent due by the agent is such very familiar law that it is conceded by the appellant."

And, again, in Knowles v. Pierce, 5 Houst., Del., 178, the jury was charged in the following manner:

"\* \* \* if \* \* \* the jury should conclude that the flannel and materials \* \* \*, taken on the distress warrant \* \* \*, were then the property of the plaintiff \* \* \*, and were in the possession of the latter upon the premises in question in the way of his trade or in the regular course of his occupation or business then carried on there, to be manufactured into flannels for the plaintiff, then, \* \* \*, such goods were exempt from seizure \* \* \*."

A closely analogous case is Page v. Middleton, 1888, 118 Pa. 546, 12 A.

415, 417. There plaintiff consigned certain machinery to one Quay, a woodworker, on trial, Quay to pay for said machinery within thirty days. Quay secretly sold his business and stored the machinery with one Officer on the third floor of the same building. It was held that the machinery was not exempt from a levy by Officer's landlord, the Court stating, "But in no sense can it be said that either Quay or Officer was, in the course of his business, necessarily put in possession of the property \* \* \*." While the holding of the Court, insofar as it deals with Quay's former possession of the machinery, is dictum, it is a strong dictum of the highest court of Pennsylvania which Delaware Courts normally regard with deference.

One conclusion may safely be drawn from the language and examples of the Delaware Statute and decisions thereon. Where a customer delivers his own goods to a manufacturer, repairman, processor or tradesman for the purpose of having them worked on for a fee and returned to him, then those goods are exempt from distress.[3] But the same result does not necessarily follow where the manufacturer, repairman, processor or tradesman purchases machinery on approval for the purpose of operating his business.[4] Here, the property distrained on clearly does not fall within the former category. In my judgment, the Referee was correct in permitting the restraint. The petition for review must be dismissed.

2. "It is manifest that the specific exemptions mentioned in the concluding part of the section are not limitations upon its general language. They are not exclusive of other exemptions, but are mentioned merely as examples, or as some of the things that would be exempt under the statute." N. Z. Graves Co. v. Smith, supra, 96 A. at pages 36–37.

3. For example: "A" delivers his clothes to a cleaner to be cleaned; his car to a mechanic to be repaired; cloth purchased by him in Scotland to his tailor for a sports jacket; his shoes to a cobbler to be soled.

4. Petitioner seems to contend that because a clause of the lease permitted tenant to make improvements, an agreement on the part of the landlord not to distrain in such improvements is implied. I do not accept this construction of the lease.