# Rebold *v.* Kolb, Appellant.

*Landlord and tenant—Unlawful distraint—Sale of goods of another.*

In an action of trespass to recover the value of motorcycle sold under an alleged unlawful distraint for rent, while in possession of the tenant on consignment in a building under a lease which contemplated such a use, a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that the motorcycle was the property of plaintiff, that it was on consignment, and that the landlord's bailiff had knowledge of these facts.

Argued Dec. 13, 1916. Appeal, No. 244, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Sept. T., 1915, No. 118, on verdict for plaintiff in case of John A. Rebold v. Louis J. Kolb. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for alleged unlawful distraint for rent. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $225. Defendant appealed.

*Error assigned,* amongst others, was in dismissing defendant's motion for judgment n. o. v.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellant.—The goods of a stranger found on

demised premises are liable to distress of the landlord for rent: Kessler v. M'Conachy, 1 Rawle 435; Caldcleugh v. Hollingsworth, 8 W. & S. 302; Esterly Machine Co. v. Spencer, 147 Pa. 466; Rondinella v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 293.

*Lincoln L. Eyre*, with him *Allen Spangler*, for appellee.—The goods of strangers left with the tenant in the course of the tenant's business are exempt from levy and sale for rent due by the tenant: Howe Sewing Machine Company v. Sloan, 87 Pa. 438; Tinware Mfg. Co. v. Duff, 15 Pa. Superior Ct. 383.

OPINION BY WILLIAMS, J., May 7, 1917:

This was an action of trespass to recover the value of a motorcycle sold, under an alleged unlawful distraint for rent, while in possession of a tenant on consignment in a building under a lease which contemplated such a use.

The evidence being contradictory, the court submitted three questions for the determination of the jury, viz: (1) whether there was any rent due under the lease at the time the distraint was made; (2) whether the constable gave legal notice of the sale; and (3) whether the constable had knowledge that the motorcycle was on consignment. The jury found a verdict for the plaintiff and judgment was entered thereon.

The suit was between the owner of the motorcycle and the owner of the building in which the distraint was made. The tenant was not a party, so that the condition of his rent account with the landlord was not material to the issue under the facts of this case. If there was no rent in arrear, or if legal notice of the sale had not been given, the landlord in either event would have been a trespasser ab initio, but if there was rent in arrear and legal notice of the sale, still if the motorcycle belonged to the plaintiff and notice was given to the landlord or his bailiff, a trespass was committed in selling the prop-

473, (1917).]           Opinion of the Court.

erty of the plaintiff: Brown v. Stackhouse, 155 Pa. 582. The material questions were whether the motorcycle was the property of the plaintiff, was on consignment, and of these facts the landlord's bailiff had knowledge.

The facts having been found as contended for by the plaintiff, and it being purely a question for the jury, and having been properly presented, the assignments of error are overruled and the judgment is affirmed.