## Giles *v*. Kolb.

*Landlord and tenant—Unlawful distress—Sale of goods to another.*

In an action of trespass to recover the value of a motor truck sold under an alleged unlawful distress for rent while in possession of the tenant on consignment in a building under a lease which contemplated such a use, a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that the motor truck was the property of the plaintiff; that it was on consignment and that the landlord's agent had an opportunity to have cars on consignment identified and neglected to take advantage of it, and that plaintiff had no notice of the sale.

Argued Dec. 9, 1918. Appeal, No. 136, October Term, 1918, by defendant, from judgment of Municipal Court, Philadelphia County, July Term, 1916, No. 60, on verdict

for plaintiff in case of James H. Giles v. Louis J. Kolb. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for alleged unlawful distraint for rent.   Before MACNEILLE, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $350.   Defendant appealed.

*Error assigned,* amongst others, was in dismissing defendant's motion for judgment n. o. v.

The appellant's "Statement of Questions Involved" was as follows:

1. Can a sealed lease be varied as to terms and parties by the indefinite parol testimony of a single interested witness?

2. Does proof of a levy, without sale, the business of the tenant continuing unmolested, and the owner having free access and use of his property, entitle the owner of an automobile levied upon, but not sold, to a verdict, no oppression or actual damage being proven?

3. Must a landlord refrain from levying upon goods when not identified as those of a stranger?

4. Under Act of March 21, 1772, Sec. 1, is not plaintiff's sole remedy that of replevin, when he has had over three and one-half months' time to replevy?

5. Is the plaintiff entitled to a verdict in a suit in trespass without proving any actual damage?

*Leon J. Obermayer,* and with him *Layton M. Schock,* and *Mason & Edmonds,* for appellant.—The goods of a stranger found on demised premises are liable to distress of the landlord for rent: Kessler v. McConachy, 1 Rawle 435; Tinware Manufacturing Co. v. Duff, 15 Pa. Superior Ct. 383; American Pig Iron Co. v. Iron & Coal Co., 205 Pa. 403; Korson v. Nixon, 45 Pa. Superior Ct. 343; Pickering Co. v. Lichtenstein, 64 Pa. Superior Ct. 78; May, Stern & Co. v. Lintner, 67 Pa. Superior Ct. 422.

The sole remedy of the plaintiff in this case was replevin: Act of March 21, 1772, Section 1, Purdon's Dig., 13th Ed., Vol. II, p. 2177; 34 Cyc. 1363; Caldcleugh v. Hollingsworth, 8 W. & S. 302; Esterly Machine Co. v. Spencer, 147 Pa. 466; Lengert Company v. B. & L. Association, 15 Pa. Superior Ct. 380.

*Lincoln L. Eyre,* with him *Allan Spangler* and *George Cascaden,* for appellee.—The principles involved in this case are identical with those in Rebold v. Kolb, 66 Pa. Superior Ct. 473, and Ruhl v. Kolb, 66 Pa. Superior Ct. 475.

OPINION BY WILLIAMS, J., January 3, 1919:

The jury could have found from the testimony that plaintiff had on consignment at the salesroom of the S. & F. Auto Co., an autotruck with his name painted thereon when defendant's constable made a distraint for rent in arrear; at the time of the distraint notice was given to the constable that the cars of plaintiff and other consignors were on the premises, and an offer was made to identify them; a sale was made without notice to plaintiff and thereafter his car disappeared. The issues were fairly presented in the charge and the finding of the jury is conclusive. The condition of the rental account between the landlord and tenant is immaterial to defendant's liability.

We answer the appellant's questions involved as follows: (1) the evidence that defendant knew and accepted the S. & F. Auto Co., whether incorporated or not, as tenant was sufficient and competent; (2) there is nothing in the case to differentiate it in principle from Rebold v. Kolb, 66 Pa. Superior Ct. 473, where the landlord was held liable as a trespasser for selling the property of the consignor without notice; (3) defendant's agent had an opportunity to have the cars on consignment identified and neglected to take advantage of it; (4) plaintiff had no notice of the levy and prima facie

had no reason to replevy his car; and (5) plaintiff's car disappeared while in the custody of defendant, which as a prima facia conversion, is enough to establish liability upon proof of its value.

The judgment is affirmed.